UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANWAR RANDLE, )
)
       Plaintiff, )
)
   v. ) CAUSE NO. 3:16-CV-745
)
PRISONER TRANSPORTATION )
SERVICES (PTS), et al., )
)
       Defendants. )

## **OPINION AND ORDER**

Anwar Randle, a pro se prisoner, filed a petition asking the court to issue a Temporary Restraining Order. He wants an order preventing the St. Louis County Prosecuting Attorney's Office and the St. Louis County Police Department from hiring a private company to transport him to St. Louis, Missouri, if they seek to extradite him on an outstanding warrant. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." Munaf v. Geren, 553 U.S. 674, 689-690 (2008) (quotation marks and citations omitted). "[A] preliminary injunction . . . should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. NRDC, Inc., 555 U.S. 7, 20 (2008). Obtaining a temporary restraining order without prior notice to the adverse party requires the movant

to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Mr. Randle hasn't met this standard.

First, he hasn't met the standard for a TRO because he hasn't shown that his will suffer an immediate loss. He speculates that he might be extradited, but he has presented no evidence indicating that he will be extradited – nor any evidence that he would be transported by a private company. Second, though he alleges that he was injured while being transported in the past, he has presented no evidence that he would be injured were her transported by a private company in the future. But most impoortantly, he can't demonstrate that he has any likelihood of success on the merits of these claims. Mr. Randle wants an injunction against the St. Louis County Prosecuting Attorney's Office and the St. Louis County Police Department. Neither of them are defendants in this case. Moreover, because they are both located in St. Louis, Missouri, they can't be added as defendants because this isn't the proper federal judicial district for a suit against them.

For these reasons, the motion (DE 3) is **DENIED**.

SO ORDERED.

ENTERED: November 7, 2016.

/s/ Robert L. Miller, Jr.
Judge
United States District Court